

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 23, 1971

Honorable Naomi Harney
County Attorney
Potter County Courthouse
Amarillo, Texas 79101

Opinion No. M.-843

Re: Authority of Potter
County to contract with,
or employ personnel to
work with, a non-profit
agency for rehabilitation
of juvenile delinquents.

Dear Miss Harney:

You have requested an official opinion from this office concerning the two questions which are specifically set out as follows:

"1. Whether Potter County can contract with Kids Incorporated to furnish, for fees, special services to youngsters who have been in trouble and are assigned to Kids Incorporated by the Juvenile Probation Department for its assistance in involving the child in special activities such as improvement of school work, recreation, family counseling, boy scouts and girl scouts, church work, etc.

"2. Whether Potter County Commissioner's Court can employ a person to be under the supervision of the Commissioners' Court or Potter County Probation Officer to work with Kids Incorporated to assist with children who have been in trouble and those who have been placed on probation and assigned to Kids Incorporated by Juvenile Probation Department for special assistance and special supervision."

Factually you have furnished us with the following:

-4086-

"Kids Incorporated is a non-profit organization
with a youth program and made up largely of voluntary
workers.  It is financed by a small fee paid by the
United Fund and the City of Amarillo ...

"One division is basically designed to serve as
a volunteer probation department for Potter County.
Youngsters who are adjudged to be in trouble are
assigned to Kids Incorporated by the Potter County
Juvenile Probation Department and this division gives
special attention to these children ..." (Emphasis
added.)

As we view the matter presented by you, the basic difference
between the services sought to be obtained by the County in regard
to the care and special supervision of the juvenile delinquents
who have been placed on probation is that your first question
proposes an employment by the county of a non-profit agency for the
furnishing of such services by the agency, while your second
question proposes only the employment of a person by the county
to assist such juvenile delinquents who have been assigned to
such non-profit agency.  In the first instance the county would
furnish payment for the care and supervision of such children
by the agency, and in the second, the county would furnish only
the person employed to assist the agency.  It seems clear that
both of these proposed contracts are amply authorized by the
following provisions of law:

Article 2338-1, Section 13, Vernon's Civil Statutes, provides
in pertinent part as follows:

"...

"(c) If the judge or jury finds that the child
is delinquent, or otherwise within the provisions of
this Act, the Court may by order duly entered proceed
as follows:  (1) place the child on probation or under
supervision in his own home or in the custody of a
relative or other fit person, upon such terms as the

court shall determine (2) commit the child to a suitable public institution or agency or to a <u>suitable private institution or agency authorized to care for children</u>; or place the child in a suitable family home or parental home for an indeterminate period of time, not extending beyond the time the child shall reach the age of twenty-one years; (3) <u>make such further disposition as the court may deem to be for the best interest of the child</u>, except as otherwise provided.* (Emphasis added.)

Article 2338-1, Section 11, Vernon's Civil Statutes, provides in pertinent part as follows:

"...The court may make a <u>general order desig-nating</u> such places of detention which may include private <u>foster or boarding homes for children, or such other places of detention which to the court seem desirable.  The County Commissioners' Court may pay for boarding or foster home care for such children to be detained</u>, or all children coming within the meaning of this Act whether prior to, or after the child has been adjudged a 'delinquent child'." (Emphasis added.)

Article 2338-3, Section 8, Vernon's Civil Statutes, provides in pertinent part as follows:

"The Judge of the Court of Domestic Relations shall have authority to appoint such juvenile officers, juvenile probation officers and investigators as might be deemed necessary to the proper administration of its jurisdiction in Potter County, provided such appoint-ments are approved by the Commissioners' Court of such county ..."

Whether the agency or the person so employed to aid the agency would be under the supervision of the Potter County Probation Officer would be within the discretion of the Judge of the Court of Domestic Relations of Potter County with the approval of the Commissioners' Court.  This office has upheld the authority of

the county to contract with others to carry out its statutory duties to provide for public or governmental purposes. Attorney General Opinions No. M-605 (1970) and M-678 (1970).

In conclusion, we point out that in arriving at our holding that the county is authorized by law to make such contracts, we have taken into consideration the prohibition of Section 52 of Article III of the Texas Constitution, in regard to a loan of credit or grant of public money by the County to an individual, association or corporation. We believe that the contracts in question, so long as they are limited to statutory authorization, are not such as those that are prohibited by the Constitution in that the services to be received by the county in return for the sums to be expended therefor by the county are such as to come within the scope of authorized county business, involving "Quid Pro Quo" as to the county, and the payments therefor are not gratuitous in any sense. See, for example, Articles 5138 and 5143f, Vernon's Civil Statutes, which would authorize counties to establish facilities for supervision of children in the prevention or cure of delinquency. Attorney General Opinions No. 6125 (1944) and O-7102 (1946). The constitutional prohibition has been held inapplicable where a governmental or public purpose for the expenditure exists. Weaver v. Scurry County, 28 S.W.83? (Tex.Civ.App. 1894); State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737 (1960); Attorney General Opinions No. V-1067 (1950), C-530 (1965), C-584 (1966), M-125 (1967) and M-138 (1967); 52 Tex. Jur.2d 754-757, State of Texas, Section 43.

## S U M M A R Y

Potter County may contract with a private non-profit institution to expend public funds for public or governmental services rendered to the county in the care and supervision of juvenile delinquents committed to such institution by the Judge of the Court of Domestic Relations. The Judge of the Court of Domestic Relations of Potter County has authority, with

the approval of the Commissioners' Court, to appoint such juvenile officers and juvenile probation officers as might be deemed necessary to the proper administration of its jurisdiction in assisting the Juvenile Probation Department in giving special supervision to juvenile delinquents on probation who are placed in the care of a non-profit institution.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

By NOLA WHITE
First Assistant

Prepared by Sam Jones and R. L. Lattimore
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Dan Green
Jim Swearingen
Rex White
James Broadhurst

ALFRED WALKER
Executive Assistant

MEADE F. GRIFFIN
Staff Legal Assistant